This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein a jury found appellant, Aaron Rankin, guilty of receiving stolen property. Appellant asserts the following assignments of error:
 "I. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "II. THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY ON ACCOMPLICE TESTIMONY."
In his first assignment of error, appellant contends his conviction was against the manifest weight of the evidence.
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses.Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
The elements of receiving stolen property, a violation of R.C. 2913.51 and a misdemeanor of the fourth degree, are as follows: "(A) [N]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
Eighteen year-old Stephanie Szymanski testified that she was a recovered drug addict. She graphically explained how she was willing to do anything to satisfy her drug habit. She testified that before she stopped using drugs she was hospitalized for physical as well as mental ailments brought on by the drug abuse.
Szymanski testified that appellant supplied her with "crack" cocaine off and on for three years. In January 1997, Szymanski testified that she went to appellant's apartment in search of "crack." Appellant gave her "crack" free of charge. He then told Szymanski that he knew her father was a jeweler and that he wanted some diamonds. Szymanski testified she went home and stole some diamonds, a ring and a Rolex watch from her father. The next day she returned to appellant's apartment with the jewelry and she received $300 worth of "crack" in exchange.
Appellant argues that his conviction was against the manifest weight of the evidence because the state failed to prove that appellant had "disposed" of the property. This argument is without merit.
Once again, the elements of receiving stolen property are as follows: "[N]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51 (emphasis ours). It is obvious from the language of the statute that the state is not required to prove appellant received and disposed. Rather, the state need only prove that appellant received or retained or
disposed of the property. The record is clear that the state proved the element of "received."
In support of his argument, appellant specifically calls our attention to the following transcribed bench conference.
 "Defense Counsel: Judge, I guess for my clarification, when we had the hearing yesterday it was my understanding you had dismissed the receiving stolen property and you were proceeding on the disposing of stolen property. Now you're telling the jury that you're proceeding on a receiving stolen property.
 "Prosecutor: It's receiving stolen property and the basis of the complaint says receive, retain or dispose.
"* * *
 "The Court: You just want to make it clear that the charge is for disposing of it."
While this exchange is curious, the fact remains that there is no offense under the Ohio Revised Code entitled "disposing of stolen property." A person accused of knowingly disposing of stolen property will be prosecuted under the offense of receiving stolen property. In this case, appellant was aware of the charge in the indictment and the jury was instructed on all of the elements of receiving stolen property, not just the element of "disposing." Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends the court erred in not instructing the jury on accomplice testimony regarding the testimony of Stephanie Szymanski. R.C. 2923.03(D) states:
 "If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 " 'The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.' "
The Ohio Supreme Court stated in State v. Wickline (1990),50 Ohio St.3d 114, 118:
 "Certainly, a person who is guilty of complicity must first be found guilty of complicity by either a judge or a jury. Obviously, the first step in finding a person guilty of an offense is by indicting that person. So, at the very least, an 'accomplice' must be a person indicted for the crime of complicity."
Stephanie Szymanski was not indicted as an accomplice in this case. She was convicted on a charge of receiving stolen property as to the property at issue in this case. This court has previously held "a thief is not an accomplice of a defendant charged with receiving stolen, property for purposes of requiring a cautionary jury instruction." State v. Webb
(1991) 72 Ohio App.3d 749, 753. We further note that defense counsel was able to thoroughly cross-examine Szymanski on her role in appellant's crime. Finding no error in the court's decision not to instruct the jury on accomplice testimony, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE Melvin L. Resnick, J. ---------------------------- JUDGE James R. Sherck, J. CONCUR. ---------------------------- JUDGE